UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CV-00649-MOC-DCK

| | |
|---|---|
| LYDIE RADJABO BADIKA, (A# 202-172-714) and NDOFUNSU SALOMON BADIKA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| CHRISTOPHER HEFFRON, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction. (Doc. No. 9). For the reasons set forth below, Defendants' motion is granted.

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint seeking relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 701, et seq.; Doc. No. 1, ("Compl.") at ¶¶ 36-46. In pertinent part, Plaintiffs sought adjudication of the Form I-130 Petition for Alien Relative by Ndofunsu Salomon Badika and the Form I-485 Application to Register Permanent Residence or Adjust Status by Lydie Radjabo Badika, each submitted in February 2018. (Comp. at ¶¶ 37, 42). The United States Citizenship and Immigration Services (USCIS) adjudicated these applications on April 16, 2021. (See Doc. Nos. 9-1 and 9-2).

## II. STANDARDS OF REVIEW

When determining a motion to dismiss pursuant to Rule 12(b)(1), district courts "may consider evidence outside the pleadings" to assure itself of its own subject-matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of proving that subject-matter jurisdiction properly exists in federal courts. Evans, 166 F.3d at 647.

### III. DISCUSSION

Plaintiffs' claims are now moot, this action is subject to dismissal for lack of subject-matter jurisdiction. Plaintiffs sought the adjudication of Forms I-485 and I-130, D.R. 1, which were adjudicated on April 16, 2021. (See Compl. ¶¶ 36-46; Doc. Nos. 9-1 and 9-2). There are no remaining claims or controversies that support subject-matter jurisdiction in this action.

"Subject-matter jurisdiction . . . is an [Article] III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign." Constantine v. Rectors & Visitors of George Mason University, 411 F.3d 474, 480 (4th Cir. 2005) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "[M]ootness goes to the heart of the Article III jurisdiction of the courts." Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997) (observing that federal courts may adjudicate a claim only where an actual controversy extant at all stages of review, not merely at the time the complaint is filed). "When circumstances change from the time the suit is filed to the time of appeal, so that the appellate court can no longer serve the intended harm-preventing function or has no effective relief to offer, the controversy is no longer live and must be dismissed as moot." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (quoting

Cnty Motors v. General Motors Corp., 278 F.3d 40, 43 (1st Cir. 2002). "Generally speaking, one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." Id. (citing Broughton v. North Carolina, 717 F.2d 147, 149 (4th Cir. 1983)).

In this action, Plaintiffs sought only the relief of the adjudication of their applications as further indicated in the Complaint's prayer, which asks the Court to "Compel Defendants to perform their duty or duties to complete processing of the I-130 petition . . . as well as adjudicate the I-485." (Compl. at ¶¶ 37, 42). Plaintiffs have now received the requested adjudications. Plaintiffs' claims are moot, and this action is dismissed for lack of subject-matter jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 9), is **GRANTED** and this case is **DISMISSED without prejudice.**

Signed: June 1, 2021

Max O. Cogburn Jr
United States District Judge